# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

DAVID WALKER,

                Petitioner,          :     Case No. 1:18-cv-903

    - vs -                        District Judge Susan J. Dlott
                                             Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                       :
                Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought by Petitioner David Walker with the assistance of counsel to obtain relief from his conviction in the Court of Common Pleas of Hamilton County, Ohio. It is ripe for decision upon the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Return of Writ (ECF No. 5), and Petitioner's Traverse (ECF No. 9). The Magistrate Judge reference has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

**Litigation History**

Walker was indicted October 3, 2012, on one count of aggravated murder with firearm specifications; two counts of murder, each with a firearm specification; one count of aggravated robbery with firearm specifications; and one count of having a weapon while under disability.

(Indictment, State Court Record, ECF No. 4, Ex. 1, PageID 34-39.)  After denial of his motion to suppress witness identifications, Walker tried the case to a jury which found him not guilty of aggravated murder but guilty of the remaining counts of the indictment.  He was sentenced to an aggregate sentence of thirty-two years to life.  *Id.* at PageID 62-67.

The conviction was affirmed on direct appeal.  *State v. Walker*, 2017 Ohio App. LEXIS 1772 (Ohio App. 1st Dist. Apr. 28, 2017), appellate jurisdiction declined, 150 Ohio St.3d 1445, 2017-Ohio-7843 (Ohio Sep. 27, 2017).  Petitioner then filed the instant habeas corpus Petition, pleading the following grounds for relief:

| | |
|---|---|
| **Ground One:** | Denial of Due Process through Unduly Suggestive Identification Procedure |
| **Ground Two:** | Skype testimony Violated Petitioner's Constitutional Right to Confrontation. |
| **Ground Three:** | Multiple Sentences Imposed for the Same Conduct Violates Double Jeopardy. |
| **Ground Four:** | The Evidence Was Insufficient to Support Conviction. |

(Appendix to Petition, ECF No. 1-1, PageID 18-21.)

# Analysis

**Ground One:  Unduly Suggestive Identification Process**

In his First Ground for Relief, Walker claims the process used to identify him violated his Fifth and Fourteenth Amendment rights to due process in that it was unduly suggestive. Respondent defends Ground One on the merits, asserting this Court should defer to the decision

of the First District Court of Appeals under 28 U.S.C. § 2254(d)(1). (Return, ECF No. 5, PageID 1846-56.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due to state court factfinding under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In denying Walker's First Assignment of Error, the appellate court wrote:

> First, Walker claims the trial court erred in overruling his motion to suppress the pretrial identifications by Geamayia and Cortez, two child witnesses. Walker contends the photo lineup was unduly suggestive and the procedures failed to comply with R.C. 2933.83. Both witnesses were shown sequential lineups by blind administrators who did not know the suspect's identity. The photographs were generated by a computer program, all of the photos shared similar physical characteristics, and both witnesses were read the statutory instructions. The procedures were not suggestive, so any unreliability went to the weight of the evidence. *State v. Neal,* 1st Dist. Hamilton No. C 140677, 2015-Ohio-4705 ¶ 28 [(Ohio App. Nov. 13, 2015)].

*Walker*, 2017 Ohio App. LEXIS 1772 at *1.

In his Traverse, Walker first argues that he is entitled to *de novo* review of this claim because the First District did not decide his federal constitutional claim on the merits, but only considered whether the identification procedure complied with Ohio Revised Code § 2933.83 and cited only its own prior decision in *Neal*. (Traverse, ECF No. 9, PageID 1884.)

3

In his Brief on appeal, Walker's First Assignment of Error was, "The trial court erred to the prejudice of Walker when it overruled his motion to suppress the pretrial identification of the appellant." (Brief, State Court Record, ECF No. 4, PageID 71.) He specified the issue to be decided as, "When a pretrial identification is not conducted in compliance with Ohio Revised Code, it is impermissibly suggestive, unreliable, and should be suppressed." *Id.* The text of the argument begins with making a federal due process claim and citing relevant Supreme Court authority. *Id.* at PageID 76, citing *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). The Brief then continued to argue that the pretrial identification did not comply with Ohio Revised Code § 2933.83 or with *Neil v. Biggers*. (Brief, State Court Record, ECF No. 4, PageID 76-77.

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per*

> *curiam*). Where a state court's decision is unaccompanied by an
> explanation, the habeas petitioner's burden still must be met by
> showing there was no reasonable basis for the state court to deny
> relief. This is so whether or not the state court reveals which of the
> elements in a multipart claim it found insufficient, for § 2254(d)
> applies when a "claim," not a component of one, has been
> adjudicated.

*Id.* at 98. "This Court now holds and reconfirms that § 2254(d) does not require a state court to
give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at
100.

Because Walker squarely presented a federal constitutional claim in his First Assignment
of Error on direct appeal and the First District denied that assignment in its entirety, the Magistrate
Judge concludes that the First District decided that claim on the merits and its decision is entitled
to AEDPA deferential review, not *de novo* review.

The Supreme Court held in *Neil v. Biggers*, 409 U.S. 188 (1972):

> [T]he factors to be considered in evaluating the likelihood of
> misidentification include the opportunity of the witness to view the
> criminal at the time of the crime, the witness' degree of attention, the
> accuracy of the witness' prior description of the criminal, the level
> of certainty demonstrated by the witness at the confrontation, and
> the length of time between the crime and the confrontation.

409 U.S. at 199; *accord, Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). An identification
procedure violates a defendant's right to due process if it "was so unnecessarily suggestive as to
run the risk of irreparable mistaken identification." *Howard v. Bouchard*, 405 F.3d 459, 469 (6th
Cir. 2005). Even if an identification procedure was impermissibly suggestive, the identification is
still admissible if it is reliable. *Id.* at 469, 472.

Walker argues that the First District determination of the facts is "unreasonable, as
evidenced by the exhibits in the record. The appellate court determines that the photographs in
the line-up share physical characteristics. In fact, not one of the other photographs match [sic]

5

witness description of 'light-skinned and chubby.'" (Traverse, ECF No. 9, PageID 1884.)

However, Walker gives no record reference to those exhibits. In the Order for Answer, Magistrate

Judge Litkovitz provided

> When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(ECF No. 2, PageID 27). Petitioner has not provided any evidentiary support by record reference

to his claim that the First District's decision is reversible under § 2254(d)(2).[1]

Walker faults the First District's decision under § 2254(D)(1) because it focused on

whether the identification procedure complied with Ohio Revised Code § 2933.83. That is hardly

surprising because that is the way Walker argued the issue to that Court.

Ohio Revised Code § 2933.83, enacted by the General Assembly in 2010, is a prophylactic

statute intended to make eyewitness identification more reliable. It responds to widespread reform

effort aimed at improving eyewitness identification which has numerous difficulties. See

ELIZABETH F. LOFTUS, EYEWITNESS TESTIMONY (Harvard University Press, 1979); BRANDON L.

GARRETT, CONVICTING THE INNOCENT: WHERE CRIMINAL PROSECUTIONS GO WRONG (Harvard

University Press 2011). Because Ohio Revised Code § 2933.83 is more protective of a defendant's

interests in reliable identification than the case law, *a fortiori* compliance with the statute assures

compliance with the Fifth and Fourteenth Amendments. Squarely confronted with the question,

the First District determined that the police had complied with Ohio Revised Code § 2933.83.

---

[1] It is worth noting here that the State Court Record in Walker's case comprises 1,809 pages, and that "[i]t is not the responsibility of this Court to scour the record in search of support for Petitioner's claims." *United States v. Matsa*, No. 2:09-cr-297, 2017 WL 4469120 at *10 (S.D. Ohio Oct. 6, 2017), report and recommendations adopted, 2017 WL 5151359 (S.D. Ohio Nov. 3, 2017).

Walker treats the issue as one this Court can decide *de novo* and emphasizes how much better the eyewitness identification in *Biggers* was than the identification here (Traverse, ECF No. 9, PageID 1885-89). But *Biggers* did not set a constitutional minimum. Rather it enumerated factors to be considered. In this case Petitioner claims the photo array was unduly suggestive but provides no evidence to that effect. The identification happened very shortly after the murder was committed. The witnesses had ample opportunity to view the crime and the scene was inside and apparently well lit. The relevant witnesses are seven- and ten-year-old children and they witnessed a very traumatic event: a relative with whom they lived being murdered. Petitioner apparently does not dispute that the description they gave – light-skinned and chunky – fits him; rather, he claims no similarly complected and built persons were in the array.

Ultimately, the state court decision is not an unreasonable application of *Biggers* and is entitled to deference. Ground One should be dismissed.

**Ground Two: Violation of Confrontation Rights by Taking Testimony by Skype**

In his Second Ground for Relief, Petitioner claims that taking testimony at trial by Skype violated his rights under the Confrontation Clause. Respondent asserts this claim is procedurally defaulted by failure to make a contemporaneous objection (Return, ECF No. 5, PageID 1857-66). In his Traverse Petitioner concedes that this default bar relief (Traverse, ECF No. 9, PageID 1889).

**Ground Three: Violation of the Double Jeopardy Clause**

In his Third Ground for Relief, Walker claims his rights under the Double Jeopardy Clause were violated by the trial court's imposition of multiple sentences for the same conduct. In particular, he complains of the failure to merge the convictions for murder and aggravated robbery in that

> 18) Petitioners [sic] convictions for murder and aggravated robbery both contain an element of serious physical harm. The state relied on the same gunshot, the same victim, and the exact same act to meet the serious physical harm element of the felony murder and aggravated robber [sic] charge.
>
> 19) The elements of each the feleony [sic] murder and aggravated robbery counst [sic] cannot be met without criminalizing and punishing the exact same conduct twice.

(Appendix to Petition, ECF No. 1-1, PageID 21.)

Respondent defends this Ground for Relief on the merits (Return, ECF No. 5, PageID 1866-67).

In his Traverse Walker broadens his claim in Ground Three. First, he says, the multiple convictions violate the Double Jeopardy Clause (ECF No. 9, PageID 1896). Second, he asserts, the Ohio courts did not correctly apply Ohio's allied offenses statute, Ohio Revised Code § 2941.25, and that that failure violates his rights under the "federal Due Process Clauses." *Id.* Finally he asserts this claim was fairly presented to the state courts. *Id.*

Walker relies heavily on *State v. Johnson,* 2010-Ohio-6314, 128 Ohio St. 3d 153 (2010). He asserts the state court should have followed *Johnson*, and determined whether "both offenses can be committed by the same act, and, if so, whether the acts were sufficiently 'closely related'

so as to constitute 'a single act committed with a single state of mind.'" (Traverse, ECF No. 9,

PageID 1896, quoting *Johnson* at ¶ 43).

*Johnson* has been abrogated by the Supreme Court of Ohio in *State v. Ruff*, 143 Ohio St.

3d 114 (2015). In *Ruff* the court held:

> [**P12**] The General Assembly in codifying double-jeopardy protections has expressed its intent as to when multiple punishments can be imposed:
>
>> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>>
>> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
>
> R.C. 2941.25.
>
> [**P13**] Because the prosecution selects the charges that may be brought based upon the criminal conduct of an accused and that conduct may potentially support convictions of multiple offenses, the judge must determine whether the conduct can be construed to constitute a single or more than one offense. Thus, R.C. 2941.25(A) allows only a single conviction for conduct that constitutes "allied offenses of similar import." But under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Moss*, 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982).
>
> * * *
>
> While it is true that the syllabus in *Johnson* says that "[w]hen determining whether two offenses are allied offenses of similar

9

import subject to merger under R.C. 2941.25, the conduct of the accused must be considered," this language does not offer the complete analysis necessary to determine whether offenses are subject to merger rather than multiple convictions and cumulative punishment. We agree with the state that our decision in *Johnson* was incomplete because R.C. 2941.25(B) provides that when a defendant's conduct constitutes two or more offenses of dissimilar import, the defendant may be convicted of all of the offenses.

\* \* \*

In other words, offenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm.

[\*\*P22] We have previously cautioned that the inquiry should not be limited to whether there is separate animus or whether there is separate conduct. Courts must also consider whether the offenses have similar import. *State v. Baer,* 67 Ohio St.2d 220, 226, 423 N.E.2d 432 (1981).

143 Ohio St. 3d at ¶¶ 12-13, 16.

In rejecting Walker's allied offenses/Double Jeopardy claim in this case, the First District

held:

Walker was convicted of aggravated robbery under R.C. 2911.01(A)(1) for attempting a theft offense and having a weapon under his control and either displaying, brandishing, or using it. The murder conviction was for causing the death of another as a proximate cause of the offender's attempt to commit an offense of violence. Under these facts, the offenses were committed separately. The aggravated robbery was complete when Walker brandished the gun and demanded the money. He was guilty of the robbery before he shot Watkins. See *State v. Curtis*, 1st Dist. Hamilton No.C-150174 , 2016-Ohio-1318, ¶ 30. Therefore, the offenses do not merge, and the gun specifications do not merge.

*Walker*, 2017 Ohio App. LEXIS 1772 at \*5.

In his Brief on direct appeal, Walker asserted as his Fifth Assignment of Error, "[T]he trial court violated O.R.C. §2941.25 by imposing multiple sentences on allied offenses of similar import

10

that were not committed separately or with a separate animus."[2] (Brief, State Court Record, ECF No. 4, PageID 72.) As the issue presented for review he claimed, "The Defendant's convictions for murder, aggravated robbery and weapons offenses were of the same import and were not committed separately or with the same [sic] animus." *Id.*

The Magistrate Judge agrees Walker fairly presented a Double Jeopardy claim to the Ohio courts and by rejecting that claim, along with the claim under Ohio Revised Code § 2941.25, the First District decided the Double Jeopardy claim on the merits. The question before this Court, then, is whether the First District's decision is an unreasonable application of clearly established Supreme Court precedent.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v.*

---

[2] Although Walker uses all capital letters in his heading, the Court does not in the interest of reducing eye strain.

*United States*, 471 U.S. 773, 779 (1985).  In *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)

the Sixth Circuit Court of Appeals explained that "[t]he current jurisprudence allows for multiple

punishment[s] for the same offense provided the legislature has clearly indicated its intent to so

provide, and recognizes no exception for necessarily included, or overlapping offenses."  The

*Blockburger* test is a rule of statutory construction, not a constitutional test in itself.  *Volpe v. Trim*,

708 F.3d 688, 696 (6th Cir. 2013), citing *Albernaz*, 450 U.S. at 340.  "When assessing the intent of

a state legislature, a federal court is bound by a state court's construction of that state's own

statutes."  *Volpe,* 708 F.3d at 697, citing *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the

application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy

claim.  *Jackson (Morris) v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio

St. 3d 632, 705 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010).[3]

> What determines whether the constitutional prohibition against
> multiple punishments has been violated is the state legislature's
> intent concerning punishment.  Specifically, "[w]ith respect to
> cumulative sentences imposed in a single trial, the Double Jeopardy
> Clause does no more than prevent the sentencing court from
> prescribing greater punishment than the legislature intended."

*Jackson (Morris) v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S.

359, 366 (1983).  Ohio Rev. Code § 2941.25, and not the *Blockburger* test determines whether a

person has been punished twice for the same offense under Ohio law in violation of the federal

Double Jeopardy Clause.  *Jackson (Morris)*, 745 F.3d at 213.

Because the First District decided in this case that Ohio Revised Code § 2941.25 did not

---

[3] *Rance* was the law in Ohio from 1999 until it was overruled in *Johnson* in 2010.  Morris Jackson's trial took place
in 2005.  *Jackson (Morris)*, 745 F.3d at 208-09.  *Johnson* was subsequently determined by the Supreme Court of Ohio
to be "largely obsolete."  *State v. Jackson (Nathaniel)*, 149 Ohio St.3d 55, 83, 2016-Ohio-5488 at ¶ 27 (Ohio 2016),
quoting *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615 (Ohio 2015).

prohibit multiple punishments for Walker's conduct and we are bound by that interpretation of the Ohio statute, Walker's Double Jeopardy claim is without merit.

If instead this Court were to consider Walker's Double Jeopardy claim *de novo*, it would conclude there was no violation because murder and aggravated robbery have different elements: one need not kill the victim to commit aggravated robbery; one need not intend to a theft to commit murder.

Walker argues alternatively that his Fourteenth Amendment Due Process rights were violated when the First District violated Ohio Revised Code § 2941.25. Violation by a State of its own procedural rules does not necessarily constitute a violation of the Due Process Clause. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). Because federal habeas courts are bound by state court interpretations of state law, we know in this case there was no violation of Ohio Revised Code § 2941.25 because the First District has expressly said so, concluding that the act of robbery was complete before the murder happened.[4]

Walker's Third Ground for Relief, considered as either a Double Jeopardy or a Due Process claim, is without merit and should be dismissed.

---

[4] Walker offers no analysis of why this might have been an incorrect interpretation of the facts.

**Ground Four:  Insufficient Evidence**

In his Fourth Ground for Relief, Walker asserts there was insufficient evidence to convict him because "[t]he only evidence supporting Walker's convictions are the inconsistent and incredible child identification witnesses."  (Appendix to Petition, ECF No. 1, PageID 22.)

Respondent defends this claim on the merits, noting that the convictions are also supported by the dying declaration of the victim (Return, ECF No. 5, PageID 1868-71).  In his Traverse, Walker "rests on the arguments state in his original petition (Traverse, ECF No. 9, PageID 1899-1900).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson (James)[5] v. Virginia,* 443 U.S. 307, 316 (1979); *In re Winship*, 397 U.S. 358, 364 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(*en banc*).  For a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the
> light most favorable to the prosecution, any rational trier of fact
> could have found the essential elements of the crime beyond a
> reasonable doubt . . . .  This familiar standard gives full play to the
> responsibility of the trier of fact fairly to resolve conflicts in the
> testimony, to weigh the evidence and to draw reasonable inferences
> from basic facts to ultimate facts.

*Jackson (James) v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law

---

[5] Because there are three different cases cited in this discussion of Walker's Fourth Ground for Relief, the Court will include each man's first name when citing to those cases.

which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson* [*(James)*]*v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson (James) v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA.  *Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*).  Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence."  *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

We have made clear that *Jackson* [*(James)*] claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, [2], 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. [766], [773], 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

The First District Court of Appeals decided Walker's sufficiency claim as follows:

Walker asserts that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Two eyewitnesses identified Walker, and one testified that he saw Walker shoot Watkins. Before he died, Watkins implicated Walker as his shooter. The trier of fact could have found all the elements proven beyond a reasonable doubt. See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541 (1997). Reviewing the entire record, we cannot find the jury lost its way and committed such a miscarriage of justice that the convictions must be reversed. *Id.* at 387.

*Walker*, 2017 Ohio App. LEXIS 1772 at \*4-5. *Thompkins* embodies the *Jackson* [*(James)*] standard and the Magistrate Judge cannot say the First District's application of Thompson was an unreasonable application of the *Jackson* [*(James)*] standard. Post-AEDPA, a jury verdict finding eyewitnesses credible beyond a reasonable doubt is entitled to deference. Walker's Fourth Ground for Relief should be dismissed.

16

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 19, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.